UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>              Plaintiff,<br><br>       v.<br><br>SHEN ZHEN NEW WORLD I, LLC ET AL.,<br><br>              Defendants. | CASE NO.: CV 13-02959 RSWL (JCGx)<br><br>[~~PROPOSED~~] **ORDER RE: STIPULATED PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION**<br><br>Discovery Document –Referred to Magistrate Judge Jay C. Gandhi<br><br>Complaint filed: March 12, 2013<br>Trial Date: August 19, 2014 |

The Court having considered the Stipulated Protective Order and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

The following provisions shall govern documents and information produced in this action:

1. <u>Confidential Information</u>.  During discovery, any information or material within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure including but not limited to, documents, deposition testimony, transcripts and accompanying exhibits, interrogatory answers, responses to request to admit and other written, recorded or graphic materials may be designated as "CONFIDENTIAL" by the person or entity producing, providing, filing or lodging it or by the Non-Parties or any Party to this action ("Designating Person").  "CONFIDENTIAL" information includes all information or material derived from it.

2. <u>Highly Confidential Information</u>. Highly confidential information may be designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3. <u>Access to Confidential Information</u>.  The designation of any document as "CONFIDENTIAL" shall not preclude the Non-Parties or any Party from showing or providing a copy of the document to any person who appears as an author, addressee or recipient on the face of the document.  Unless otherwise ordered by the Court or permitted in writing by the Designating Person, "CONFIDENTIAL" information shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the action (including any appeal), and may be disclosed only to the following persons:

(a) the named Parties to this action and their officers, directors and/or employees and those employees employed as of the date the document was created who were in a position to have access to the document;

(b) the Parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries and offices staff;

(c) independent experts or consultants and their staffs specifically retained to assist counsel in this litigation provided that any such experts or consultants shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation (in the form attached hereto as Exhibit A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the action upon request;

(d) third parties specifically retained by counsel for Parties to this action (or their legal associates and their offices' staffs) for translating, copying or computer coding of documents but only for such translating, copying or computer coding purposes and provided that any such third parties, prior to any disclosure, execute an undertaking to be bound by this Stipulation (in the form attached hereto as Exhibit A) which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the action upon request;

(e) the Court, court reporters and court officers pursuant to this Stipulation; and

(f) any witness shown the document in a deposition in this litigation

(g) any other witnesses or prospective witnesses.

4. <u>Access to Highly Confidential Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Person, information or items designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the action (including any appeal), and may be disclosed only to the following persons:

(a) the Parties' counsel of record in this case, as well as employees of said counsel to whom it is reasonably necessary to disclose the information and who have executed an undertaking to be bound by this Stipulation (in the form attached hereto as Exhibit A);

(b) independent experts or consultants or translators and their staffs specifically retained to assist counsel in this litigation provided that any such experts or

consultants or translators shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation (in the form attached hereto as Exhibit A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the action upon request;

(c) third parties specifically retained by counsel for Parties to this action (or their legal associates and their offices' staffs) for translating, copying or computer coding of documents but only for such translating, copying or computer coding purposes and provided that any such third parties, prior to any disclosure, execute an undertaking to be bound by this Stipulation (in the form attached hereto as Exhibit A) which shall be maintained at the office of counsel retaining such third parties and produced to opposing counsel at the conclusion of the action upon request;

(d) The Court and its personnel;

(e) Outside court reporters and their staffs provided that they shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation (in the form attached hereto as Exhibit A), which shall be maintained at the office of counsel retaining such court reporters and provided to opposing counsel at the conclusion of the action upon request; and

(f) The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

Non-Parties previously produced copies of document Bates labeled RIM 00173 to RIM 00188 in which the names of certain individuals who allegedly accused Plaintiff of sexual harassment were redacted. It is anticipated that Non-Parties will produce unredacted copies or originals of these documents after entry of this Stipulated Protective Order. Notwithstanding the foregoing, even if said unredacted copies or originals are designated as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," Plaintiff's counsel may disclose the unredacted copies or originals to Plaintiff.

5. <u>Copies of Confidential Information</u>. Copies and extracts of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may be made by or for only those persons authorized herein to review such materials provided that all copies and extracts are appropriately marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." All copies and extracts of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information are subject to the provisions of this Stipulation as though they were original "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information.

6. <u>Custody of Confidential Information</u>. All documents containing information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and notes or other records regarding that information shall be maintained in the custody of the Parties' outside and/or in-house counsel and no partial or complete copies thereof containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall be retained by anyone else at any location except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis and preparation of the case.

7. <u>Designating Documents</u>. The designation of all or a portion of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be made by placing such legend on each designated page of the document prior to production. In the case of a document produced by a Non-Party that is not the Designating Person with respect to such document, Non-Parties and/or the Parties reserve their right to seek a protective order to deem such document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and subject to the terms of this Stipulation.

/ / /

/ / /

x

8. <u>Designating Depositions</u>.

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" either: (i) at the deposition itself by request of any Party; or (ii) by captioned written notice to the reporter and all counsel of record given within ten calendar days following notice from the reporter that the transcript is available for review in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Pending expiration of the ten court days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may be disclosed under this Stipulation and Order.

(c) Any Party may mark a deposition exhibit as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and examine any witness thereon.

9. <u>Procedures for Filing Records under Seal</u>.

(a) Prior to lodging and/or filing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or offering it for admission as evidence, the Party seeking to lodge and/or file the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or offer the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information for admission as evidence shall make a good faith effort to obtain an order from the court to allow submission of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information under seal in compliance with Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79-5 as the

same may be applicable. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal. For motions, the parties should also file a redacted version of the motion and supporting papers.

(b) To the extent permitted by the Court, upon request of a Non-Party and/or Party, any hearing which may refer to or describe "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may be held *in camera*.

(c) The court's denial of a motion to seal brought pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79-5 shall not bar the filing, lodging or use of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or the offering of it for admission as evidence in connection with any motion, proceeding or trial in this matter and such filing, lodging or use of or offering in evidence of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall not constitute a breach of this Stipulation.

(d) Notwithstanding (a) above, upon written agreement and/or stipulation by the Non-Parties and/or Parties, specific "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may be lodged and/or filed or offered for admission as evidence not under seal in connection with any motion, proceeding or trial in this matter and such use of or offering in evidence of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall not constitute a breach of this Stipulation.

(e) The Non-Parties and Parties expressly agree that lodging and/or filing of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information with the Court not under seal shall not be deemed nor constitute a waiver of confidentiality under the terms of this Stipulation.

(f)     The parties shall meet and confer regarding procedures for use of confidential materials at trial and shall move the Court for entry of any appropriate order as necessary.

10.     <u>Objections</u>.  The Non-Parties and/or Party may challenge the propriety of any designation under this Stipulation at any time.  A challenge may be made by serving on all other Parties a captioned notice of objection which shall identify with particularity the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item.  The challenged material shall be deemed re-designated as proposed by the challenging party unless, within ten (10) calendar days after service of said notice of objection, the Designating Person has initiated proceedings under L.R. 37-1 through L.R. 37-4 with respect to a motion for a protective order to maintain the original designation or to establish other confidentiality protections.

11.     <u>No Prejudice</u>.

(a)     Nothing in this Stipulated Protective Order shall abridge the right of any person to seek its modification by the Court in the future or preclude the Non-Parties and/or any Party from seeking and obtaining additional or different protection with respect to the confidentiality of any information or material.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to objection on any ground to use in evidence of any of the material covered by this Protective Order.

(b)     This Stipulation shall not diminish any existing obligation or right with respect to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, nor shall it prevent a disclosure to which the Designating Person consents before the disclosure takes place.

  (c) The Non-Parties and Parties shall exert their best efforts to assert any claims of confidentiality prior to the disclosure of any discovery materials. The production of any document by any Party shall be without prejudice to any claim by the producing party that such material should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Claims of confidentiality may be asserted in writing and with particularity within a reasonable time after learning of such inadvertent or mistaken disclosure and such documents shall be treated as if the claim were made prior to disclosure. If within a reasonable time after such documents are inadvertently or mistakenly disclosed, the producing party asserts a claim that such documents are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party for designation as such. The Non-Parties and/or Parties may thereafter contest such claims of confidentiality, as set forth herein.

  12. <u>Discovery Obtained By Other Means</u>. This Stipulation is not applicable to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information if copies of such documents already have been obtained by the receiving party in a manner other than through discovery.

  13. <u>Final Disposition</u>. Within 45 calendar days of the final termination of the action and at the written request of the designating or the producing person, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information and all copies thereof shall be returned to counsel for the person that produced the material or destroyed. However, counsel may retain one copy of pleadings, attorney and consultant work product and depositions for archival purposes.

  14. <u>Subpoenas Seeking Confidential Material</u>. If any person that has obtained "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information under the terms of this Stipulation receives a subpoena commanding the production of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY" information, such person shall promptly notify the Designating Person of the service of the subpoena in order to afford the Designating Person an opportunity to object. The person receiving the subpoena shall not produce any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information in response to the subpoena without either the prior written consent of the Designating Person or a prior order of the Court in which the subpoena was served.

15. <u>Improper Disclosure</u>.

(a) The Non-Parties and Parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information submitted in accordance with the terms of this Stipulation is disclosed to any person other than in the manner authorized by the terms herein, the Party and person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Non-Parties and the Party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

(b) The Non-Parties and Parties agree that the unauthorized disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may cause irreparable injury to the non-breaching party and, accordingly, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of *ex parte* hearing or otherwise as allowed by law or equity. The decision by the non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach and neither the seeking by the non-breaching party of any such relief

nor the obtaining by the non-breaching party of any other such relief will be a waiver or release of any of the non-breaching party's other rights or remedies in such event.

16. <u>Survival</u>.  The binding effect of this Stipulation shall survive termination of this action and the court shall retain jurisdiction to enforce the Stipulation.  The terms of this Stipulation shall be binding upon the Non-Parties and Parties as a contract whether or not the Magistrate Judge assigned to this case signs the [Proposed] Stipulated Protective Order.

17. <u>Stipulation</u>.  This Stipulation shall be deemed in full force and effect until the Court's approval of the terms of the Stipulation in the form of an Order and even in the absence of entry of said Stipulation as an Order and even if the Court makes any subsequent modifications thereto pursuant to entry of the Stipulation as an Order.

**IT IS SO ORDERED.**

Dated:  February  28, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of <u>Jose Rodriguez v. Shen Zhen New World I, LLC, et al.</u>, Case No. CV 13-02959 RSWL (JCGx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this case.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this case or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

4839-3197-6216, v.  1

CASE NO.: CV 13-02959 RSWL (JCGX) — 12 — [PROPOSED] ORDER RE: STIPULATED PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION